Jerome Anthony Clay, Jr., CA Bar No. 327175
jclay7@claylaw.net
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
Telephone:    209-603-9852
Facsimile:    510-280-2841

Attorneys for Plaintiff
TYRONE WISE, II

HARDY R. MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

KRISTIN C. CHRISTENSEN, CA Bar No. 286711
kristin.christensen@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:    415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE WISE, II, an individual, | Case No. 4:25-cv-02972-KAW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:    July 1, 2025<br>Time:    1:30 p.m.<br>Place:    Zoom |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public entity, | |
| Defendant. | Complaint Filed:  March 31, 2025<br>Trial Date:       None Set<br>Judge:           Hon. Kandis A. Westmore |

Plaintiff Tyrone Wise, II ("Wise" or "Plaintiff") and Defendant The Regents of the University of California ("The Regents" or "Defendant") (collectively, the "Parties") hereby submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California (the "Court" or "Northern District"), Civil Local Rule 16-9. and the Standing Order for All Judges of the Northern District.

On June 23, 2025, counsel for the Parties conducted an early meeting of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and now submit this Joint Case Management Statement.

**1.   Jurisdiction and Service**

On March 31, 2025, Wise filed a civil complaint against The Regents in the Northern District as Case No. 4:25-cv-02972-KAW (the "Complaint"). In this Complaint Wise, alleges claims for relief for: (1) Disparate Treatment in Violation of 42 U.S.C. § 2000e-2(a); (2) Racial Discrimination in Violation of 42 U.S.C. § 2000e-2(b); (3) Retaliation in Violation of 42 U.S.C. § 2000e-3; (4) Racial Harassment/Hostile Work Environment in Violation of Title VII; and (5) Failure to Prevent Discrimination and Harassment in Violation of Title VII. On June 16, 2025, The Regents filed its Answer to Wise's civil complaint.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Wise alleges claims for relief against The Regents for alleged violations of 42 U.S.C. § 2000e-2(a)and (b), 42 U.S.C. § 2000e-3, and Title VII.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and Northern District of California Local Rule 3-2(d) in that the alleged acts giving rise to Wise's claims occurred within this district.

All Parties have been served and provided with notice of the Complaint. There are no current issues regarding personal jurisdiction or venue, and no parties who remain to be served.

**2.   Facts:**

   A.   Plaintiff's Statement of Facts

Plaintiff Tyrone Wise, II is a 44-year-old African American employee and a member of the American Descendants of Slavery (ADOS).  Since March 1, 2019, Plaintiff has been employed by the Haas School of Business at the University of California, Berkeley, where he initially served as

Associate Director for Student Life and Leadership Development ("SL&LD") in the Full-Time MBA Program Office. Throughout his tenure, Plaintiff consistently performed his duties with distinction and received favorable evaluations recognizing his leadership in student engagement, program development, and institutional initiatives related to diversity, equity, inclusion, justice, and belonging ("DEIJB").

Despite his strong performance and positive evaluations, Plaintiff was subjected to repeated racially discriminatory treatment, including false and negative evaluations, excessive scrutiny, denial of advancement opportunities, and hostile treatment from his supervisors, Jennifer Bridge and Jason Joyce. Plaintiff was held to a higher and more punitive standard than his non-Black colleagues and was retaliated against for engaging in protected activity. Rather than addressing his concerns, Defendant escalated its adverse conduct and ultimately transferred Plaintiff to a different department without his consent, amounting to a constructive demotion.

Plaintiff was subjected to repeated adverse actions—including false performance evaluations, exclusion from retaliatory discipline, and a forced reassignment—that collectively support claims of disparate treatment, racial discrimination, retaliation, and a racially hostile work environment.

B. Defendant's Statement of Facts

Defendant denies the allegations in Plaintiff's Complaint and those set forth above.

On March 1, 2019, Defendant hired Plaintiff to work as Assistant Director for Student Life and Leadership Development at the UC Berkeley Haas School of Business in the Full Time MBA Program Office ("FTMBA"). On or around July 2, 2023, Plaintiff voluntarily transferred to a lateral position in a different department at the UC Berkeley Haas School of Business, specifically, as Assistant Director of Programming at the Boost@BerkeleyHaas ("Boost") department, but his pay and title remained the same. Plaintiff still works for Defendant in this Assistant Director position as of the date of this case management statement.

Plaintiff claims that he performed satisfactorily in his position as Assistant Director for Student Life and Leadership Development in the FTMBA office. He further claims that, nevertheless, he experienced discrimination and retaliation in the form of unwarranted negative performance evaluations and threats of disciplinary action. Plaintiff further claims that Defendant

reassigned and transferred him against his wishes, and that action amounted to a constructive demotion from his previous position.

Defendant asserts that Plaintiff has experienced no adverse actions on which he can base his claims. Defendant complied with its performance review process and fairly evaluated Plaintiff's performance. Further, Plaintiff is still employed by Defendant and voluntarily transferred to his current role and department. Plaintiff's voluntary reassignment resulted in no economic loss to Plaintiff as his title and rate of pay remained the same after his transfer. As of the date of this statement, Plaintiff is still employed with Defendant in the Assistant Director role in the Boost department.

**3.      Legal Issues:**

   A.     <u>Plaintiff's Statement of Legal Issues</u>

   (1) Whether Defendant engaged in disparate treatment against Plaintiff on the basis of race, in violation of 42 U.S.C. § 2000e-2(a).

   (2) Whether Defendant's adverse actions constituted racial discrimination in violation of 42 U.S.C. § 2000e-2(b).

   (3) Whether Defendant retaliated against Plaintiff for engaging in protected activity under 42 U.S.C. § 2000e-3(a).

   (4) Whether Plaintiff was subjected to a hostile work environment based on race, in violation of Title VII.

   (5) Whether Defendant failed to take reasonable steps to prevent discrimination and harassment, in violation of Title VII.

   (6) Whether Plaintiff suffered harm, including emotional distress and loss of professional standing, as a direct and proximate result of Defendant's unlawful conduct.

   (7) Whether Plaintiff is entitled to compensatory damages, equitable relief, attorneys' fees, and costs under applicable provisions of Title VII.

///

///

      B.      <u>Defendant's Statement of Legal Issues</u>

           (1) Whether Plaintiff failed to exhaust any applicable administrative remedies, or otherwise properly perfected a right of action against Defendant.

           (2) Whether any actions Defendant took toward Plaintiff were for legitimate, non-discriminatory, non-retaliatory reasons.

           (3) Whether Defendant, a public entity, is immune from liability for Plaintiff's claims.

           (4) Whether Plaintiff's action is barred, in whole or in part, by one or more of Defendant's affirmative defenses.

           (5) Whether Plaintiff suffered damages as a result of Defendant's alleged conduct.

           (6) Whether Plaintiff failed to mitigate any damages.

           (7) Whether Plaintiff's action is frivolous and/or unreasonable so as to award attorneys' fees against him.

           (8) Whether Defendant has other defenses to Plaintiff's respective allegations/claims.

           (9) Whether Plaintiff experienced any adverse action by Defendant.

**4.**    <u>**Motions:**</u>

There are no prior motions in this case and none currently pending. The Parties may file standard discovery motions as needed, after exhausting informal efforts to resolve the same. In addition, Defendant anticipates filing a Motion for Summary Judgment, or alternatively, for Partial Summary Judgement.

**5.**    <u>**Amendment of Pleadings:**</u>

At this time, the Parties anticipate no amendment of the pleadings.

**6.**    <u>**Evidence Preservation:**</u>

Defendant has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to take to preserve evidence relevant to the issues reasonably evident in this action. The Parties have taken all reasonable steps to preserve evidence potentially relevant to this matter and will continue to comply with their preservation obligations.

7. **Disclosures:**

The Parties intend to exchange Initial Disclosures pursuant to General Order No. 71 and the Order Extending Time for the Parties to Comply with General Order No. 71.

8. **Discovery:**

The Parties have not yet served written discovery requests or issued any notices of deposition. Both Parties intend to conduct depositions upon oral examination of any experts each side discloses.

The Parties do not presently propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, without any prejudice to any Party's right to seek such changes later either by stipulation or court order.

9. **Class Actions:**

This is not a class action.

10. **Related Cases:**

As of the date of filing this Joint Case Management Statement, the Parties are unaware of any related proceedings or cases pending before other judges of this court or before any other court.

11. **Relief:**

A. Plaintiff's Position

Plaintiff seeks relief for the harm caused by Defendant's unlawful discrimination, retaliation, and constructive demotion in violation of Title VII. Despite Plaintiff's exemplary performance, leadership in DEIJB programming, and consistent contributions to the University's mission, Defendant subjected him to a pattern of racially discriminatory treatment, and ultimately a forced transfer that amounted to a constructive demotion. As a result, Plaintiff has suffered significant professional, reputational, and emotional harm. Plaintiff seeks: (1) compensatory damages; (2) attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k); and (3) any other relief as the Court deems just and proper.

B. Defendant's Position

Defendant maintains that Plaintiff has suffered no damage due to any alleged impermissible act or omission of Defendant, and, therefore, Plaintiff is entitled to no relief whatsoever from Defendant.

For its part, Defendant prays that: (1) Plaintiff take nothing by this action; (2) this action be dismissed in its entirety, with prejudice; (3) judgment be entered in favor of Defendant and against Plaintiff; (4) Defendant be awarded its costs of suit and attorney's fees; and (4) for such other and further relief as the Court deems just and proper.

**12.   Settlement and ADR:**

The Parties wish to address ADR options at the case management conference. Both Parties are amenable to ADR options available through the court including Early Neutral Evaluation, Mediation, or a Settlement Conference with a Magistrate Judge, but prefer first to be heard by the Court before selecting any ADR procedure.

**13.   Consent to Magistrate Judge For All Purposes:**

Both Parties filed their forms consenting to proceed before a magistrate judge for all further proceedings.

**14.   Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

The Parties have not identified any issues at this point that can be narrowed by agreement or motion. The Parties do not yet have suggestions on how to expedite the presentation of evidence at trial but will continue to meet and confer on this issue as the case progresses. Defendant might move to bifurcate damages from liability.

**16.   Expedited Trial Procedure:**

The Parties do not believe this case is appropriate for the expedited trial procedure.

**17.   Scheduling:**

The Parties propose the following scheduling order, subject to the Court's availability to set a trial in this matter in November 2026:

- Non-Expert Discovery Cut-Off:  June 19, 2026
- Designation of Experts:  August 18, 2026
- Designation of Rebuttal Experts:  September 18, 2026

- Expert Discovery Cut-Off:  October 16, 2026
- Last Day for Hearing of Dispositive Motion(s):  September 18, 2026
- Pre-Trial disclosures: October 16, 2026
- Pre-Trial Conference:  November 11, 2026
- Trial:  November 16, 2026

**18.    Trial:**

Plaintiff requests a jury trial. Defendant does not.  The Parties anticipate the trial will last approximately seven (7) court days.

**19.    Disclosure of Non-party Interested Entities or Persons:**

Pursuant to Article IX, Section 9 of the California Constitution, the University of California constitutes a public trust, to be administered by a public corporation known as "The Regents of the University of California."  Defendant is a part of the State of California.  Since Defendant is not a nongovernmental corporation (Fed.R.Civ.P. 7.1) or non-governmental party (Local Rule 3-15), Defendant is not required to file a disclosure statement.

**20.    Professional Conduct:**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other:**

Not applicable.

DATED:  June 24, 2025                                                LAW OFFICES OF JEROME A. CLAY


                                                                                  By:  /s/ *Jerome A. Clay*
                                                                                         JEROME A. CLAY
                                                                                         Attorneys for Plaintiff
                                                                                         TYRONE WISE, II

DATED: June 24, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Kristin C. Christensen*
HARDY R. MURPHY
KRISTIN C. CHRISTENSEN
Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: June 24, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Kristin C. Christensen*
HARDY R. MURPHY
KRISTIN C. CHRISTENSEN
Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

90704942.v2-OGLETREE